CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2014

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERMAINE ANTOINE ENGLISH, | ) | CASE NO. 7:13-cv-00594 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| EDDIE L. PEARSON, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Virginia inmate Jermaine Antoine English, through counsel, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. English challenges the validity of his confinement under the 2010 judgment convicting him of malicious wounding and abduction in Roanoke County. Upon review of the record, the court concludes that the respondent's motion to dismiss the petition as untimely filed must be granted.

I

English stood trial on April 2, 2010, before a judge of the Circuit Court for Roanoke County on charges of malicious wounding, in violation of Virginia Code Ann. § 18.2-51, and abduction, in violation of Virginia Code Ann. § 18.2-47. (Case Nos. CR09-1224-1225). The Court of Appeals of Virginia later found the following facts, in the light most favorable to the Commonwealth:

> [T]he evidence at trial established that English and his girlfriend, [the victim], argued one afternoon in a bedroom on the second floor of his home. Both had been using cocaine. English accused [the victim] of being unfaithful and for allowing the other man to steal money from him. When [the victim] denied the accusations, English choked her, forced her onto the bed, and punched her several times in the face, ribs, arms, and abdomen, where her liver had previously been lacerated. The beating lasted for "quite some time," [the victim] testified, and included twenty-five to thirty blows.

> [The victim] testified that, in an effort to stop the beating, she falsely admitted to English's accusations. English then ordered her downstairs. English followed her, stating he would kill the man [the victim] allegedly had sex with. Working himself into another rage, English struck [the victim] until she fell off a couch. English then kicked [the victim] in her back as she lay on the floor. [The victim] testified the kick caused an "intense shooting pain" through her back, leaving her barely able to move.
>
> After English allowed [the victim] to leave, [the victim] drove to a nearby gas station and met her sister, who arranged for an ambulance to take [the victim] to a local hospital. [The victim], shaking and crying, had red marks covering her face, arms, neck, and head, and her shirt was torn. Her back pain prevented her from exiting her vehicle unassisted.
>
> At trial, approximately nine months later, [the victim] testified she continued to have "severe back pain." She had sustained "a lot of nerve damage" that caused "nerve pain" to radiate through her back. She had been receiving medical treatment from her primary care physician, was currently scheduled to see "a pain management doctor," and had been prescribed "nerve medication" for her ongoing pain syndrome. "Any time anything touches my back or at all," she testified, "I feel intense nerve pain just because it's so hypersensitive." "And it causes me a lot of pain just to sit," she added, "just because anything touching my back just causes my nerve pain to kind of radiate through my back from all the nerve damage that I had."
>
> Sitting as factfinder, the trial court found English guilty of "malicious wounding" under Code § 18.2-51. The court concluded the evidence did not "meet the requirements for shoot, cut, stab, or the case law definition of wounding being a break of the skin or the skin and flesh produced by external violence." But the evidence did prove, the court held, that [the victim] sustained a "bodily injury" within the meaning of Code § 18.2-51.[1]

English v. Commonwealth, 715 S.E.2d 391, 393-394 (Va. App. 2011). The judge sentenced English to twenty years in prison, with thirteen years and five months suspended.

English appealed the malicious wounding conviction. (Record No. 1638-10-3). On brief, English argued the Commonwealth did not present sufficient evidence that he wounded or caused bodily injury to the victim, because no medical records were presented at trial and the victim did not exhibit any visible injury. English contends that the victim "ambulated through

---

[1] This section makes it a Class 3 felony to "maliciously shoot, stab, cut, or wound" another person "or by any other means cause him bodily injury, with the intent to maim, disfigure, disable, or kill . . . ." Va. Code. Ann. § 18.2-51.

2

the court room and had no outward signs of an inward injury." (Pet. App. 6, ECF No. 1). English also argued that the evidence proved only assault and battery. After briefing and argument, the Court of Appeals of Virginia affirmed petitioner's convictions in a published opinion. English, 715 S.E.2d 391. The Court of Appeals ruled there was "ample evidence in the record to support the trial court's finding that English's beating of [the victim] caused her bodily injury under Code § 18.2-51." Id. at 395. The Supreme Court of Virginia refused English's subsequent petition for appeal on September 13, 2012. He did not file a petition for a writ of certiorari in the United States Supreme Court.

English also pursued state habeas corpus relief. On May 1, 2012, while his direct appeal was pending, English filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The Court dismissed the petition on October 18, 2012. The court applied the state procedural rule of Slayton v. Parrigan, 215 Va. 27, 30 (1974), as grounds for dismissal of claim (b), a portion of (c), claims (d), (f), (g), (h), (i), (j), (k), (l), and (m). The Court denied and dismissed petitioner's claim of ineffective assistance of counsel (a), a portion of claim (c), and claims (e) and (n) as without merit.

English, through counsel, filed his § 2254 petition on December 19, 2013. In his petition, he attacks the validity of his convictions, alleging the following claims:

    a.    Petitioner was denied the effective assistance of counsel when counsel failed to interview and present key witnesses, failed to sequester government witnesses prior to the commencement of trial, and failed to make adequate pretrial investigations into mitigating evidence.

    b.    Petitioner was denied the effective assistance of appellate counsel when he negligently omitted meritorious arguments in support of errors assigned in the petition for appeal.

    c.    When the trial court acquitted petitioner of aggravated malicious wounding, collateral estoppel prevented a prosecution on any charge dependent on petitioner causing an injury.

d. The evidence was insufficient to convict petitioner of malicious wounding when the Commonwealth did not prove bodily injury of the victim.

e. The evidence was insufficient to prove malice and petitioner's malicious wounding conviction violated his right to due process.

The respondent filed a motion to dismiss, asserting that English's § 2254 petition was untimely filed under 28 U.S.C. § 2244(d) and that his claims should be dismissed as procedurally defaulted or without merit. English has responded, making the matter ripe for disposition.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Under § 2244(d)(1)(A), this federal habeas filing period begins to run from the date on which the judgment of conviction becomes final—when the availability of direct review is exhausted. Direct review includes the opportunity to file a petition for writ of certiorari in the United States Supreme Court from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522, 528 n. 3 (2003). Therefore, if a petitioner completed direct appeals in the state courts, "[f]or the purpose of starting the clock on [the federal habeas] one-year limitation period, . . . [his] judgment of conviction becomes final when

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Id. at 525.

Using this calculation formula, English's conviction became final under § 2244(d)(1)(A) on December 12, 2012. After the Supreme Court of Virginia's rejection of his appeal on September 13, 2013, English had fourteen days under state law to petition for rehearing. When he did not opt to exercise this remedy by September 27, 2013, on that date, he had exhausted his opportunities for direct review in the Virginia state courts. After the Supreme Court of Virginia's September 13, 2013 decision, however, English also had ninety days to continue to seek direct review through filing a petition for a writ of certiorari in the United States Supreme Court. 28 U.S.C. § 2101(c). Because English did not exercise his option to pursue a petition for rehearing or a petition for a writ of certiorari, his conviction became final when the latest of those deadlines expired, on December 12, 2012. He then had until December 12, 2013 to file a timely § 2254 petition. English did not file his § 2254 petition until December 19, 2013, seven days outside the federal filing period under § 2244(d)(1)(A).

Section § 2244(d)(1) includes three statutory grounds that may toll the running of the statute—all of them clearly inapplicable in English's case and warranting little discussion. Specifically, English has not shown that he was subject to any state action that impeded him from timely filing his federal petition, § 2244 (d)(1)(B); he has not grounded any claim on a constitutional right newly recognized by the Supreme Court, § 2244(d)(1)(C); and he offers no factual predicate related to his present claims that could not have been discovered before his convictions became final on direct review, § 2244(d)(1)(D).

Under 28 U.S.C. § 2244(d)(2), the one-year filing period will also be tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is

pending. English's state habeas corpus action began and ended before his conviction became final on direct review, however. Thus, the pendency of his post-conviction proceeding had no effect on the calculation of his federal habeas filing period under § 2244(d)(1)(A).

Because English did not file his § 2254 petition on or before December 12, 2013, within one year after his conviction became final upon expiration of his options for direct review, his petition was untimely filed under § 2244(d)(1)(A). English does not argue or state any facts indicating that he is entitled to equitable tolling of this limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005) (finding that to warrant equitable tolling, otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent).

For the stated reasons, the court grants the motion to dismiss English's petition as untimely filed,[3] dismisses his motion to strike as meritless, and dismisses his motion for evidentiary hearing as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 27th day of June, 2014.

_____
Chief United States District Judge

---

[3] The court also finds that English's claims are without merit. The trial court found the victim's testimony credible, as corroborated by her sister's testimony; that testimony sufficiently established that English assaulted the victim with the required malice and inflicted bodily injury so as to support his conviction for malicious wounding. Moreover, the trial court's finding of insufficient evidence that English's assault in this case caused a fracture to the victim's back, so as to support his conviction for aggravated malicious wounding, did not estop the court from considering evidence that his assault was malicious and caused the victim bodily injury as she described. Finally, English fails to support his claims of ineffective assistance with sufficient evidence to satisfy either prong of the well established, two part standard under Strickland v. Washington, 466 U.S. 668, 686 (1984), which requires a showing of deficient performance and resulting prejudice. English does not provide the expected testimony from the omitted witnesses, does not demonstrate any respect in which the victim's trial testimony differed from her previous statements about the assault, does not present the content of any mitigating evidence counsel might have discovered with additional pretrial investigation, and does not show how counsel's appeal choices were unreasonable or prejudicial. Therefore, English fails to demonstrate, as mandated by Strickland, that counsel's representation fell below professional norms or that but for counsel's alleged errors, the outcome at trial would have been different. Id.